IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY JOHN BELLINGER,<br><br>       *Plaintiff*<br><br> v.<br><br>CUREWAVE LASERS, LLC and DANIEL HERBERT,<br><br>       *Defendants* | Civil Action No. _____<br><br>**JURY TRIAL DEMAND** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Gary John Bellinger ("Plaintiff"), brings this Complaint against CureWave Lasers, LLC ("CureWave") and Daniel Hebert ("Hebert") (collectively, "Defendants"), and in support thereof would show:

**NATURE OF THE CASE**

1. This is an action against Defendants for violating Plaintiff's patent in violation of 35 U.S.C. § 271(a), as described in detail below. Plaintiff seeks injunctive relief and monetary damages.

**PARTIES**

2. Plaintiff is an individual with an address at 5454 La Sierra Dr., Suite 203, Dallas, Texas 752231 and may be contacted through its undersigned attorneys.

3. CureWave is a Texas limited liability company organized and existing under Texas law and may be served by serving its registered agent Daniel Herbert at CureWave's registered address at 11915 Quincy Lane, Dallas Texas 75230.

4. Herbert is the President of CureWave and a Texas citizen and he may be served at 11915 Quincy Lane, Dallas Texas 75230.

## JURISDICTION & VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Texas and in this judicial district, the act of patent infringement complained of herein occurred in the State of Texas and in this judicial district, and Defendants have caused injury to Plaintiff and its intellectual property within the State of Texas and in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), 1391(c) and 1400(b). Defendants are residents of Texas, have done business in Texas, and are registered to do business in Texas and/or organized and existing under Texas law, and have continuing and systematic contacts with Texas. Thus, Defendants have continuously and systematically availed themselves of the protections and privileges of Texas law in this district, rendering venue proper.

## THE ASSERTED PATENT

8. On March 17, 2020, the United States Patent and Trade Office ("USPTO") duly and legally issued U.S. Patent No. 10,589,120 ("the '120 patent"), entitled "HIGH-INTENSITY LASER THERAPY METHOD AND APPARATUS," to Plaintiff Gary John Bellinger. A correct copy of the '120 patent is attached hereto as Exhibit A. The '120 patent claims priority to multiple prior patent applications dating to as far back as December 31, 2012. Plaintiff is the owner of the '120 patent and holds all rights, title, and interest in the '120 patent.

## FACTS

### A.     Plaintiff's Proprietary Technology

9.     Plaintiff has developed the Phoenix Thera-Lase system based on the claimed invention of the '120 patent. The Phoenix Thera-Lase system provides a non-invasive, drug-free treatment solution in relieving both acute and chronic pain, while accelerating wound healing and simultaneously reducing inflammation related to soft-tissue injuries.

10.    The Phoenix Thera-Lase is a breakthrough therapeutic laser system that is significantly more powerful than other systems, delivering a deeper penetrating wavelength and covering many times the effective treatment area.

11.    Plaintiff has invested substantial time, effort, and resources in the development, manufacture, patent procurement, marketing, and sales of the Phoenix Thera-Lase.

12.    Plaintiff has over 20 years of experience in developing non-invasive laser technologies for therapeutic purposes. For example, Plaintiff was awarded U.S. Patent No. 5,951,596 on September 14, 1999, in connection with his prior research on non-invasive laser therapies in treating biological tissue.

13.    Plaintiff's efforts in developing the Phoenix Thera-Lase have resulted in significant publicity. For example, NBC Sports reported that NFL football player Jared Allen utilized the Phoenix Thera-Lase to recover from an injury to play in the 2016 Super Bowl.

14.    People Magazine also reported that Demi Lovato is a daily Phoenix Thera-Lase user and that the Phoenix Thera-Lase "penetrates six inches into the body to encourage healing and reduce swelling and inflammation."

15.    The Phoenix Thera-Lase is also used by a variety of NFL, NBA, NCAA teams, among others.

**B.      Defendant Herbert Hired by Plaintiff.**

16.     In November of 2012, Plaintiff, via its majority owned company Phoenix Thera-Lase Systems, LLC, hired Defendant Herbert.

17.     Prior to working for Plaintiff's company, Herbert had no knowledge of Plaintiff's proprietary information related to the claimed invention of the '120 Patent, various types of laser wavelengths and power for treating biological tissue, nor how to even apply the foregoing in practice.

18.     After approximately two years of working for Phoenix Thera-Lase Systems, LLC and after learning Plaintiff's business model, operations, and proprietary technology, Herbert began looking for opportunities for himself to personally capitalize on Plaintiff's years of investment and research in connection with the Phoenix Thera-Lase and the claimed invention of the '120 patent.

19.     Subsequently, Herbert was terminated from Phoenix Thera-Lase Systems, LLC. After termination, Herbert continued his efforts to create a new company to capitalize on Plaintiff's proprietary laser technology and, on September 21, 2015, formed CureWave to directly compete with Plaintiff.

## INFRINGEMENT OF THE '120 PATENT

20.     Plaintiff incorporates by reference all of the forgoing paragraphs and headings as though set forth fully herein.

21.     Based on available information, including information on Defendants prior website at http://curewavelasers.com, current website at http://curewave.com, and a Food & Drug Administration (FDA) warning letter of Dec. 12, 2019 directed to Defendants, among others, Defendant is distributing, using, offering for sale, and selling a device that performs all of the steps

of at least claims 1, 12, and 15 of the '120 Patent in violation of 35 U.S.C. §271(a).

22.     Specifically, Defendants purport to sell a device that performs the step of directing a laser beam from a laser unit in a continuous wave operation having a wavelength of "1280nm" and a power output level of "44 Watts," such as the CureWave laser system shown below on Defendants website ("Infringing Product"):[1]





23.     On January 6, 2023, Plaintiff sent Defendants a "cease-and-desist" letter notifying Defendants of Plaintiff's '120 Patent, Defendants infringement thereof, and demanding that Defendants immediately cease and desist any and all use, sales, and distribution of the Infringing

---

[1] Retrieved 2023-01-03 from: https://www.anesthesiologynews.com/Review-Articles/Article/10-19/Cold-Laser-Therapy-for-Acute-and-Chronic-Pain-Management/56177?sub=AC919F95FA6A1A6CAA26A1F41C67A11FCDC56636C1B5DC1F3F17A363B96; retrieved on 2023-03-22 from: https://www.curewave.com; retrieved on 2019-02-14 from: http://www.curewavelasers.com

Product.

24. Defendants have directly infringed and continue to infringe at least claims 1, 12, and 15 of the '120 patent under 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents, by distributing, selling, or offering to sell the Infringing Product that is covered by the claims of the '120 patent.

25. Defendants have had actual and constructive knowledge and notice of the '120 patent, as well as of its own infringement of the '120 patent.

26. Defendants have never been licensed nor otherwise authorized by Plaintiff to practice the claims of the '120 patent.

27. Plaintiff has been and continues to be damaged by Defendants' infringement of the '120 patent.

28. Defendants infringement of the '120 patent has been and continues to be willful.

29. Defendants infringement of the '120 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a. A judgment for Plaintiff against Defendants, jointly and severally, for patent infringement as to the '120 patent;

b. A judgment that Defendants' acts of infringement are willful;

c. That the damages awarded to Plaintiff be trebled;

    d.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its attorney fees, costs and expenses incurred in connection with this case;

    e.    A permanent injunction against Defendants, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from infringement, inducement of infringement, and contributory infringement of the '120 patent, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the '120 patent;

    f.    Pre-judgement and post-judgement interest; and

    g.    That Plaintiff be awarded such other relief as this Court deems just and proper.

Dated: April 21, 2023

Respectfully submitted,

**RINEY RONQUILLO SOULE, PLLC**

*/s/ Steven R. Shaver*
Steven R. Shaver
Texas State Bar No. 18136550
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
Telephone: (214) 461-1206
Fax: (214) 461-1210
sshaver@rineypackard.com
**ATTORNEYS FOR PLAINTIFF**