IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY BELLINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00844-M |
| | § | |
| CUREWAVE LASERS, LLC and DANIEL HERBERT, | § § § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The Court **GRANTS** Defendant CureWave Lasers, LLC's ("CureWave") Motion to Set Aside Clerk's Entry of Default. ECF No. 16.

The Court **GRANTS** Plaintiff Gary Bellinger's Motion for Voluntary Dismissal of Daniel Herbert Without Prejudice (ECF No. 25) and **DENIES AS MOOT** Defendant Daniel Herbert's Motion to Dismiss (ECF No. 21).

The Court **GRANTS** CureWave's Amended Motion for Leave to File Defendant's Answer or Otherwise Respond (ECF No. 31), and CureWave is directed to file its original Motion to Dismiss and brief by December 8, 2023. Bellinger may respond to the Motion to Dismiss within twenty-one days of filing and any reply by CureWave shall be filed within fifteen days of filing of the response. CureWave's Motion for Leave to File Defendant's Answer (ECF No. 19) is **DENIED AS MOOT**.

### I. Factual Matters

On April 21, 2023, Plaintiff Gary Bellinger filed a Complaint against Defendants CureWave Lasers, LLC and Daniel Herbert. ECF No. 1 ("Compl."). That same day, the clerk of

1

court issued summons.  ECF No. 4.  On July 26, 2023, Bellinger moved for alternative service, based on an affidavit of a process server, describing various unsuccessful attempts at service.  ECF No. 5.  The Court authorized alternative service to CureWave and Daniel Herbert by email to dchlase@gmail.com, and additionally ordered service on CureWave by service to its registered address.  ECF Nos. 6, 8.  On August 1, 2023, certified mail of the summons and complaint were sent to the registered address of CureWave as reflected on the Texas Secretary of State's website, which also reflects that Daniel Herbert is CureWave's registered agent, and service was made by email to dchlase@gmail.com.  ECF No. 9; ECF No. 5-1 at 1.  Bellinger asserts that on August 4, 2023, the certified mail to CureWave was refused.  ECF No. 26 ¶ 24.

On August 25, 2023, Bellinger moved for a clerk's entry of default against CureWave.  ECF No. 10.  On August 28, 2023, the clerk entered default against "Defendant" (ECF No. 11); presumably, that was only against CureWave, since that is all that Plaintiff sought.  On September 7, 2023, attorneys appeared in this action on behalf of CureWave (and Herbert) and moved to set aside the clerk's entry of default.  ECF Nos. 13–18.  No default judgment was ever entered.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause. "The requirement of 'good cause' . . . has generally been interpreted liberally." *Honeywell Int'l Inc. v. MEK Chem. Corp.*, No. 3:17-CV-1390-M, 2017 WL 9802843, at *1 (N.D. Tex. July 31, 2017) (Lynn, C.J.) (quoting *Effjohn Int'l Cruis Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)) (cleaned up) (further quotation omitted).  Three factors are considered to determine if good cause exists: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious

defense has been presented. *Id.* These factors are not exclusive; other factors may also be considered, "such as whether the party acted expeditiously to correct the default." *Id.*

### III. Analysis

#### A. Default

##### 1. Willfulness

"'[C]ourts apply essentially the same standard to motions to set aside a default and a judgment by default'" and more readily grant the former than the latter. *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008) (quoting *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). Under the willfulness standard "the Court must consider the evidence and make a factual determination of whether the defendant willfully ignored the complaint." *Till v. X-Spine Sys., Inc.*, No. 3:15-CV-00532-M, 2015 WL 3903567, at *2 (N.D. Tex. June 24, 2015) (Lynn, J.) (citation omitted). Referring to the willfulness standard as one where excusable neglect would justify a finding that the defendant did not act willfully, the Fifth Circuit has held that excusable neglect does not include careless mistakes by lawyers or ignorance of the applicable rules. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

CureWave's failure to respond to the Complaint was not due to excusable neglect. Herbert, as CureWave's registered agent, was served on August 1, 2023. ECF No. 9. CureWave argues that Herbert did not know of service on CureWave until he was personally served on August 24, 2023, because Herbert says he infrequently checks his email inbox. That argument is unpersuasive where there is evidence before the Court that Herbert referenced his email address to vendors to be used for CureWave business (ECF No. 26 ¶ 9) and in court proceedings (*id.* ¶ 8)

3

and that he reviewed his email frequently (*id.* ¶¶ 36–37). These facts weigh against setting aside the clerk's entry of default.

### 2. Prejudice

Plaintiff does not suffer prejudice when "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Till*, 2015 WL 3903567, at *3 (quoting *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000)) (further quotation omitted). Thus, mere delay is insufficient to constitute prejudice. *Id.* Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)).

Bellinger does not suffer prejudice by a set aside of the clerk's entry of default. He argues he has incurred process server and attorney fees while CureWave has continued to infringe his patent. ECF No. 26 at 22–23. These allegations do not amount to "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Till*, 2015 WL 3903567, at *3 (quotation omitted). This factor favors setting the clerk's entry of default aside.

### 3. Meritorious Defense

To establish a meritorious defense, CureWave must provide a "clear and specific statement showing, not by conclusion, but by definite recitation of facts" that it has a valid defense. *Till*, 2015 WL 3903567, at *3 (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). The movant's proffered "defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id*. (quoting *Jenkens & Gilchrist v. Groia & Co*., 542 F.3d 114, 122 (5th Cir. 2008)).

The Complaint alleges that CureWave infringes claims 1, 12, and 15 of U.S. Patent No. 10,589,120 (the "'120 patent"), entitled "High-Intensity Laser Therapy Method and Apparatus." Compl. ¶¶ 8, 21. The '120 patent is directed to methods of laser irradiation for alleviating symptoms associated with inflammatory conditions in living tissue. *See* '120 patent, Abstract, ECF No. 1-2 at 2. Claims 1 and 12 are independent claims, and each recite a method for "alleviating the physical symptoms associated with acute or chronic inflammatory conditions" that include, *inter alia*, directing a laser beam from a high intensity laser unit in a continuous wave operation having a wavelength of about 1275 nm and a power output level of about 42 watts. *Id.* cls. 1, 12. Claim 15 depends on claim 12. *Id.* cl. 15.

Bellinger alleges that CureWave is directly infringing these asserted claims by "distributing, using, offering for sale, and selling a device that performs all of the steps." Compl. ¶ 21. Specifically, the Complaint alleges that CureWave is selling the "CureWave laser system," which is advertised as directing the laser beam as described above. *Id.* ¶ 22.

In its Motion to Set Aside Clerk's Entry of Default, CureWave argues that it has meritorious defenses to Bellinger's claims of infringement, including invalidity and non-infringement arguments. For example, it argues the Complaint does not allege that CureWave used the accused device so as to infringe under 35 U.S.C. § 271. Specifically, the Complaint alleges only sales of the CureWave laser system, but method claims—such as the asserted claims—are not infringed by the sale of a device capable of performing the claimed method. *See Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1314 (Fed. Cir. 2020) ("Method claims are 'not directly infringed by the mere sale of an apparatus capable of performing the claimed process.'" (quoting *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993)). In response, Bellinger cites to filings CureWave made in other court proceedings to argue that CureWave has

5

admitted to using its laser system, namely in training materials and demonstrations of the product. ECF No. 26 ¶¶ 27–30.

The Court concludes that CureWave has shown that it has a meritorious defense against Bellinger's direct infringement claim as currently pleaded. *See Speedway Loans, Inc. v. Hassan*, No. 4:21-CV-575-SDJ, 2022 WL 3567180, at *3 (E.D. Tex. Aug. 18, 2022) (looking to the complaint to determine if the pleadings provide a sufficient basis to enter default judgment). Even if the Court were permitted to consider materials outside of the Complaint, the materials provided by Bellinger are not dispositive of whether CureWave "used" the accused system so as to infringe the asserted claims. For instance, claim 1 requires not only that the laser unit produce a laser beam of a particular wavelength and power, but also that the beam is directed "on an inflamed area that is to be treated" so as to activate "intracellular photoreceptors." *See* '120 patent, cl. 1. Given that the claimed method requires treatment on a living subject, there exists an open question as to whether demonstrations and trainings of the accused system constitute infringement. Thus, this factor weighs in favor of setting aside the clerk's entry of default.

### 4. Other Factors

The Court may also consider whether default would lead to significant financial loss to the defendant and whether the defendant acted expeditiously in correcting the default. *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008) (quoting *Jenkens & Gilchrist*, 542 F.3d at 119). The Court finds that both factors weigh in favor of setting aside default. Damages have not been pleaded in detail. CureWave moved to set aside default roughly ten days after the clerk's entry of default, which the Court finds to be an expeditious response.

### B. Dismissal of Herbert

A plaintiff may voluntarily dismiss a defendant under Rule 41(a)(1) so long as neither an answer nor a motion for summary judgment have been filed. *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973). That a separate defendant remains in the suit does not preclude dismissal of another individual. *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc) ("[O]ur circuit precedents interpret "action" to cover individual defendants—thus allowing plaintiffs, like the Williamses, to use Rule 41(a) to dismiss individual defendants."). Bellinger's Motion to Dismiss Daniel Herbert is thus **GRANTED**.

### C. CureWave's Leave to Answer or Otherwise Respond

Bellinger served CureWave on August 1, 2023, and CureWave's deadline to file a pleading has expired. Fed. R. Civ. P. 12. Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court determines that justice requires the Court **GRANT** CureWave's motion for leave.

### IV. Conclusion

CureWave's Motion to Set Aside Clerk's Entry of Default (ECF No. 16) is **GRANTED**, but CureWave will reimburse Bellinger for his reasonable costs and fees incurred in connection with obtaining and setting aside the clerk's entry of default, which the Court will determine absent an agreement by the parties. *Till*, 2015 WL 3903567, at *5 (citing *Coen Co., Inc. v. Pan Int'l, Ltd.*, No. 14–CV–03392–JST, 2015 WL 273212, at *7 (N.D. Cal. Jan. 20, 2015) ("Imaginative and flexible use of the power to impose conditions on the granting of relief under Rule 55(c) can serve to promote the positive purposes of the default procedures without subjecting either litigant to their drastic consequences.") (quoting 10 Wright, Miller, & Kane,

Federal Practice and Procedure § 2700 (3d ed. 1983))).  The parties are directed to confer by December 15, 2023, regarding Bellinger's claimed fees and expenses and to submit within five business days thereafter either an agreed Order awarding Plaintiff fees and costs, or separate filings by Plaintiff and Defendants showing what fees are claimed and why they are opposed.

Daniel Herbert is **DISMISSED** (ECF No. 25) and Daniel Herbert's Motion to Dismiss is **DENIES AS MOOT** (ECF No. 21).

**SO ORDERED**.

November 30, 2023.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE