IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY BELLINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00844-M |
| | § | |
| CUREWAVE LASERS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants CureWave Lasers, LLC, Laser Concepts, LLC, and Daniel Herbert's Motions to Dismiss (ECF Nos. 48, 58, 59) are **DENIED**.

### I. Factual Matters

The First Amended Complaint ("FAC") alleges that Defendants infringe three method claims of U.S. Patent No. 10,589,120 (the "'120 patent"). FAC ¶¶ 9, 23–74. Claims 1, 12, and 15 of the '120 patent are independent claims, and each recites a method for "alleviating the physical symptoms associated with acute or chronic inflammatory conditions." Among other contentions, the FAC alleges direct infringement.

### II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to "state a claim that is plausible on its face." *Magnacross LLC v. OKI Data Americas, Inc.*, No. 3:20-CV-01959-M, 2022 WL 992595, at *3 (N.D. Tex. Mar. 31, 2022) (Lynn, C.J.) (quoting *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011)). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the

plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). However, a court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### III. Analysis

#### A. Direct Infringement

Defendants argue that the FAC does not sufficiently plead a cause of action for direct infringement of the asserted method claims. In fact, the FAC does so. *See, e.g.*, FAC ¶ 35. The mere sale of a product that infringes does not constitute direct infringement of a method claim, so if that is all that Plaintiff were to prove, that would not support submission to the jury of contention of direct infringement of claims 1, 12, and 15.

#### B. Defendants' Request for Reconsideration

Defendants CureWave Lasers, LLC and Daniel Herbert criticize Plaintiff for voluntarily dismissing Herbert before again including him as a Defendant in the FAC. ECF Nos. 48 at 1–2, 59 at 1–2. To the extent these Defendants seek relief from Plaintiff due to Herbert's rejoinder, such relief is **DENIED**.

### IV. Conclusion

For the reasons stated above, Defendants CureWave Lasers, LLC, Laser Concepts, LLC, and Daniel Herbert's Motions to Dismiss (ECF Nos. 48, 58, 59) are **DENIED.**

**SO ORDERED**.

March 11, 2024.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

2